■ LUIS ARBOLEDA, Respondent, v NOVARTIS PHARMACEUTICALS CORPORATION, Defendant/Third-Party Plaintiff, and RAYMOND CORPORATION et al., Appellants. CONTROL BUILDING SERVICES, INC., Third-Party Defendant-Respondent. [894 NYS2d 135]—

In an action to recover damages for personal injuries, the defendants Raymond Corporation and Abel Womack appeal from an order of the Supreme Court, Rockland County (Nelson, J.), entered March 18, 2009, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with one bill of costs payable to the plaintiff and the third-party defendant, Control Building Services, Inc.

Although we affirm the order of the Supreme Court, we do so on grounds different from those relied upon by that court. The defendants Raymond Corporation and Abel Womack failed to make a prima facie showing of entitlement to judgment as a matter of law by tendering sufficient evidence to demonstrate the absence of a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Zuckerman v City of New York*, 49 NY2d 557, 662 [1980]). Contrary to their contention, these defendants failed to demonstrate that the subject forklift allegedly operated by the plaintiff at the time of his accident was not manufactured, sold, or maintained by them. Failure to make such a prima facie showing requires denial of their motion, regardless of the sufficiency of the opposing papers (*see Alvarez v Prospect Hosp.*, 68 NY2d at 324; *Winegrad v New York*

*Univ. Med. Ctr.*, 64 NY2d at 853). Rivera, J.P., Dillon, Belen and Roman, JJ., concur.